IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY, | ) ) ) | |
| Petitioner, | ) ) | No. 07-C-0386 |
| | ) ) | Judge Mark Filip |
| vs. | ) ) | |
| | ) | Magistrate Judge |
| BROADSPIRE MANAGEMENT SERVICES, INC. AND PLATINUM EQUITY, LLC, | ) ) ) ) | Arlander Keys |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

On July 14, 2003, Lumbermens Mutual Casualty Company ("Lumbermens") and Broadspire Management Services, Inc. ("Broadspire") entered into a written Purchase Agreement ("Agreement") from which this current dispute arose. Under the Agreement, disputes are to be settled by binding arbitration. Article III, Section 3.4 governs purchase price disputes. It provides, in pertinent part, that such disputes should be "referred to an independent accounting or appraisal firm of national reputation mutually acceptable ... or if the parties are unable to agree on such a firm within 10 days (or such longer period as they may mutually agree) to PricewaterhouseCoopers LLP for binding resolution." July 14, 2003 Purchase Agreement, 17. PricewaterhouseCoopers LLP ("PwC") agreed to serve as arbitrator of this dispute. However, on April 16, 2007, PwC was

disqualified as arbitrator of this matter due to a conflict of interest. The parties were unable to agree to a mutually acceptable accounting or appraisal firm to replace PwC as required by the Agreement.

On May 10, 2007, Lumbermens filed a Supplemental Petition in Aid of Arbitration to Appoint Arbitrator ("Supplemental Petition") with the United States District Court for the Northern District of Illinois, which came before Judge Mark Filip. Lumbermens asked the Court to select an arbitrator meeting the criteria of Article III of the Agreement. However, on May 11, 2007, Broadspire initiated arbitration proceedings before the International Institute for Conflict Prevention & Resolution ("CPR") pursuant to Section 14.11 of the Agreement to resolve the purchase agreement dispute. Section 14.11, governs the resolution of disputes arising out of the Agreement, except as otherwise provided in Article III. Section 14.11(a) provides, in pertinent part, that the "parties shall attempt in good faith to resolve any dispute arising out of or relating to this Agreement promptly by negotiation." July 14, 2003 Purchase Agreement, 61. However, "[a]ny dispute arising out of or relating to this Agreement that has not been resolved pursuant to Section 14.11(a) shall be settled by binding arbitration in accordance with the CPR rules . . ." Id.

The parties disagree as to which section of the Agreement

2

applies to the resolution of this dispute. Lumbermens argues that Article III, Section 3.4 of the Agreement is controlling, which requires an independent accounting or appraisal firm of national reputation to serve as arbitrator. Whereas, Broadspire argues that Article XIV, Section 14.11 governs, requiring arbitration according to the CPR rules. The issue of which section of the Agreement applies to the purchase dispute is fully briefed and awaits determination by the District Court.

On May 24, 2007, Lumbermens petitioned the District Court to stay the CPR arbitration until the Court decides which dispute resolution clause is applicable. The District Court granted a temporary stay of the CPR arbitration and referred the plaintiff's motion to this court for determination.

Lumbermens argues that the stay should remain in effect because the very issue of which arbitration process controls is currently pending before the District Court. Lumbermens further argues that to lift the stay may later create inconsistent rulings with those decided by the District Court. This, it argues, would waste the parties' and the selected arbitrators' time and resources if the District Court later determines that a CPR arbitration is not the appropriate dispute resolution forum.

In opposition, Broadspire argues that choosing an arbitration panel likely will take a substantial amount of time. Hence, Broadspire wishes to start the selection of an arbitration

3

panel through the CPR. Broadspire explained its position during a hearing on June 22, 2007 before this Court. When questioned by this Court as to why Broadspire wished to move so quickly with the arbitration, Broadspire's counsel explained that it did not intend to begin the actual arbitration, but rather it wanted to begin selecting an arbitration panel because the process would take several months. Counsel further explained, Broadspire wanted to have a panel in place in front of the CPR, in order to move the proceeding along. According to Broadspire, the arbitration will only be delayed further if the Court grants the stay of the CPR arbitration, because the parties will have to start the process of selecting an arbitration panel *after* they receive the District Court's decision. Hence, Broadspire wishes to start the CPR arbitration panel selection process before the decision of the District Court. Therefore, when District Judge delivers his decision, the parties will have a panel selected and they will be in a better position to move forward with the arbitration.

At the hearing, this Court extended the temporary stay of the CPR arbitration until its ruling on the issue now before the Court.

## DISCUSSION

The issue before this Court is a narrow one. It remains, whether the temporary stay of the CPR arbitration issued by the

District Court should remain until that Court determines the type of arbitration panel that should decide the purchase dispute under the terms of the Agreement.

If this Court removed the stay of the CPR arbitration and the parties proceeded, the District Court may later rule that the CPR does not have jurisdiction over this dispute. To remove the stay of the CPR arbitration would be to assume the outcome of the issue presently before the District Court, which this Court is not prepared to do. Therefore, the petitioner's motion for the stay of the CPR arbitration is granted.

## CONCLUSION

For the reason set forth above, IT IS HEREBY ORDERED that Petitioner's Motion to Stay Arbitration be, and the same hereby is, granted. Further arbitration proceedings are stayed pending the disposition of Petitioner's Supplemental Petition now pending before the District Judge.

DATE: September 10, 2007     E N T E R E D:

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT